UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) | 4:11-cr-00010-RRB-SAO |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION REGARDING MOTION TO DISMISS COUNTS 1, 2, 3, 5 AND 6** |
| vs. | ) | |
| WILLIE WILSON, | ) | |
| Defendant. | ) | (Docket No. 188) |

## INTRODUCTION

Willie Wilson filed a motion to dismiss Counts 1, 2, 3, 5 and 6 of the indictment, Docket no. 188, due to insufficiency of evidence and an unduly vague indictment. Because the Federal Rules of Criminal Procedure do not permit a court to dismiss an otherwise valid indictment for insufficiency of evidence, I am recommending DENIAL of Wilson's motion to dismiss the charges against him.

## LEGAL STANDARDS

*Motion to Dismiss for Insufficiency of Evidence*

A defendant may not challenge an otherwise adequate indictment solely for insufficiency of evidence.[1] Instead, a court should, for the purposes of a motion to dismiss, presume the truth of the allegations in the indictment.[2] A motion to dismiss should not consider evidence not on

---

[1] United States v. Jensen, 93 F.3d 667, 669 (9th Cir. 1996) (citing United States v. Mann, 517 F.2d 259, 267 (5th Cir.), cert. denied, 424 U.S. 1087 (1976)).
[2] United States v. Buckley, 689 F.2d 893, 897 (9th Cir. 1982); Boyce Motor Lines v. United States, 342 U.S. 337, 343, fn. 15 (1952).

the face of the indictment.[3] Furthermore, dismissal of an indictment is a "drastic step" which is generally disfavored as a remedy.[4]

*Motion to Dismiss for Vagueness of the Indictment*

Indictments must "be a plain, concise, and definite written statement of the essential facts of the offense charged..."[5] An indictment that sets forth the offense in the language of the statute itself and contains the necessary factual predicates is sufficient.[6] An indictment will withstand a motion to dismiss if it is sufficient (1) to enable the defendant to prepare his defense; (2) to ensure him that he is being prosecuted on the basis of the facts presented to the grand jury; (3) to enable him to plead double jeopardy; and (4) to inform the court of the alleged facts so that it can determine the sufficiency of the charge.[7]

# FACTS

Wilson was charged, along with several co-conspirators, under a seven-count indictment for a variety of federal offenses, including narcotics offenses, retaliating against a witness, and attempted murder. The witness, a confidential informant, was allegedly assaulted by Wilson. Wilson concedes in his brief that video given to the defense as part of discovery shows Wilson striking the informant. Wilson filed a motion requesting that the Court dismiss Counts 1, 2, 3, 4 and 6 of the indictment, as well as for a bill of particulars (Docket no. 219) and two motions to

---

[3] United States v. Jensen, 93 F.3d 667, 669 (citing United States v. Marra, 481 F.2d 1196, 1199-1200 (6th Cir.), cert. denied, 414 U.S. 1004 (1973).
[4] United States v. Rogers, 751 F.2d 1074, 1076-77 (9th Cir. 1985).
[5] Fed. R. Crim. Pro. 7(c)(1).
[6] United States v. Johnson, 804 F.2d 1078, 1084 (9th Cir. 1986); Hamling v. United States, 418 U.S. 87, 117 (1974).
[7] United States v. Pheaster, 544 F.2d 353, 360 (9th Cir. 1976); Russell v. United States, 369 U.S. 749, 763, 768 n.15, 771 (1962).

sever various counts (Docket nos. 220 and 221).⁸ This Report and Recommendation will only consider Wilson's motion to dismiss at Docket no. 188.

## CONCLUSIONS OF LAW

In this case, Wilson moves to dismiss Counts 1, 2, 3, 5, and 6 due to insufficiency of evidence. As has been made clear by the Ninth Circuit, "[a] motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence.... The Court should not consider evidence not appearing on the face of the indictment."⁹ A defendant charged with a federal offense is not entitled to a preliminary hearing or examination if the Grand Jury returned an indictment against him.¹⁰ Because much of Wilson's brief is focused on his allegations that the charges against him are not supported by sufficient evidence to support a conviction, these arguments, while proper for trial, are premature for the current stage of the litigation.

Wilson's brief in support of his motion to dismiss also alleges that the indictment was insufficiently detailed to permit Wilson to prepare his defense. However, in the absence of a more concrete showing, the fact that the indictment tracks the language of the statute ensures that it is specific enough to survive Wilson's motion to dismiss. The indictment against Wilson contains the necessary recitation of the federal statute along with the necessary factual predicates. Wilson alleges no specific prejudice that he has or will suffer as a result of the defects in the indictment. For instance, Wilson fails to allege any specific details regarding his inability to prepare his defense, his inability to ensure he is being prosecuted based on the facts

---

⁸ Defendant filed one motion at Docket no. 188 seeking dismissal of Counts 1, 2, 3, 4 and 6; requesting the court order a bill of particulars; severance of the counts. Subsequently, the clerk's office divided the motion at docket no. 188 into four docket nos. 188, 219, 220, and 221.
⁹ Jensen, 93 F.3d at 669.
¹⁰ Bayless v. United States, 381 F.2d 67, 71 (9th Cir. 1967); Austin v. United States, 408 F,2d 808, 810 (9th Cir. 1969).

before the grand jury, his inability to plead double jeopardy, or his inability to determine the sufficiency of the indictment.[11] As such, Wilson has not made the necessary showing in order to warrant a dismissal of the indictment against him.

## CONCLUSION

Because a pre-trial motion to dismiss is not the proper vehicle to test the sufficiency of the evidence against Wilson and because the indictment contains sufficient details, this motion to dismiss is DENIED.

IT IS SO RECOMMENDED.

DATED this 13th day of September, 2011 at Fairbanks, Alaska.

s/SCOTT A. ORAVEC
SCOTT A. ORAVEC
United States Magistrate Judge

Pursuant to Local Magistrate Rule 6(a), each party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than **NOON** on **Friday, September 16, 2011**. The failure to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal.[12] The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation.[13] Objections and responses shall not exceed **five (5) pages** in length, and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points

---
[11] See Pheaster, 544 F.2d at 360.
[12] McCall v. Andrus, 628 F.2d 1185, 1187-1189 (9th Cir.), cert. denied, 450 U.S. 996 (1981).
[13] United States v. Howell, 231 F.3d 615 (9th Cir. 2000).

and authorities in support. Response(s) to the objections shall be filed on or before **NOON** on **September 19, 2011**. The parties shall otherwise comply with provisions of Local Magistrate Rule 6(a).

Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the district court's judgment.[14]

---

[14] See Hilliard v. Kincheloe, 796 F.2d 308 (9th Cir. 1986).